# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THERESA BRYANT, JILL MANNING, SUSAN SNYDER, DIANE ELLIOTT, <br><br> Plaintiffs, <br><br> v. <br><br> ENTERTAINMENT SHOPPING, INC. doing Business as Swoopo.com and oohilove.com, a California Corp.; BIDCACTUS LCC, a Delaware limited liability corporation; QUIBIDS LLC, a limited liability company; BEEZID INC, d/b/a/ Beezid.com, a Canadian Corp., PROJET FAIR BID, INC. d/b/a BidgDeal.com, a Delaware Corp., <br><br> Defendants. | Civil Case No. 1:11-CV-01013 <br><br><br> **RESPONSE** |

## PLAINTIFFS' RESPONSE TO DEFENDANT BIDCACTUS' MOTION TO SEVER AND TRANSFER VENUE

COMES NOW Plaintiffs, Theresa Bryant, Jill Manning, Susan Snyder and Diane Elliott, by and through their attorney, William Houck and respond to Defendant Bidcactus' Motion to Sever and Transfer Venue as follows

### I.   ARGUMENT AND AUTHORITY

**A.   DEFENDANT'S MOTION TO TRANSFER VENUE SHOULD BE DENIED**

As a means of ensuring due process and access to the judicial system, Illinois Courts have consistently protected Plaintiffs' decisions concerning choice of venue. Absent extraordinary circumstances, this court has held, a Plaintiff's chosen venue should be maintained. *Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 841 (N.D. Ill. 2009).

1

In the present case, the Defendant has failed to establish that the Bidcactus corporation faces any extraordinary hardship or set of circumstances that would prevent it from appearing or effectively defending itself in an Illinois Court. In fact, every argument presented by the Defendant to justify a venue transfer out of Illinois, according to this Court's ruling in *Sunrise Bidders, Inc. v. GoDaddy Group, Inc,* 2011 U.S. Dist. LEXIS 38852, 4-6 (N.D. Ill. Apr. 11, 2011), is inapplicable in the context of the Bidcactus' Internet-based business. Therefore, the Defendant's motion should be denied.

    **1.    ILLINOIS, NOT CONNECTICUT, IS THE SITUS OF MATERIAL EVENTS**

Defendant inappropriately assumes, without citation to authority, that the 'situs' of the "operation of on line auction sites" is where the server that hosts the website is located. Based upon that assumption, defendant Bidcactus claims the appropriate forum for the present case is in Connecticut where it maintains its auction servers. This Court has recently explained, however, in *Sunrise Bidders, Inc. v. GoDaddy Group, Inc* that the Defendant's supposition is incorrect.

In fact, in the context of an website-based business, such as Bidcactus.com, "the situs of material events is ... everywhere ...[a] website is accessible; [and the Defendant can be] sued in many different districts since...[the Defendant's] business is entirely conducted on the Internet." 2011 U.S. Dist. LEXIS 38852, 4-6 (N.D. Ill. Apr. 11, 2011).

This Court further explained that, as in the present case, when there is a conflict in choice of venue between where a Plaintiff accessed a website and where the website is hosted, the benefits of the venues "neutralize each other" and the Court should "defer to [the Plaintiff's] choice of forum." *Id.* at 6.

**2.      THE PLAINTIFFS' CHOICE OF FORUM SHOULD BE PROTECTED**

Bidcactus, additionally, contends that the Plaintiffs' choice of forum should be given minimal consideration. However, this contention is against the weight of precedent. This court has consistently held that a Plaintiff's choice of forum should be given substantial weight. *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 664 (7th Cir.2003); *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). And, unless equity balances strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 664 (7th Cir. 2003); *Sunrise Bidders, Inc. v. GoDaddy Group, Inc.*, 2011 U.S. Dist. LEXIS 38852, 4-5 (N.D. Ill. Apr. 11, 2011). Even stronger preference is granted to the Plaintiff's decisions concerning venue when it is the plaintiff's home forum. *Id. Plotkin v. IP Axess, Inc.,* 168 F.Supp.2d 899, 902 (N.D.Ill.2001) (citing *Bryant v. ITT Corp.,* 48 F.Supp.2d 829, 831 (N.D.Ill.1999)).

In the present case, Plaintiff Bryant - a citizen and resident of Kane County, Illinois – has chosen to file in her home forum.  That choice should, therefore, be granted the most stringent of protections and weighs heavily against the transfer of venue suggested by the Defendant.

**3.      THE DEFENDANT'S 'ACCESS TO PROOF' DOES NOT PRESENT AN EXTRAORDINARY CIRCUMSTANCE JUSTIFYING A CHANGE IN VENUE**

The moving party, in a motion for transfer of venue, bears the burden of "establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir.1986). In the present case, the Defendant, again without citation to authority, asserts that because "relevant documents related to the case are...in...Connecticut" that Connecticut is "clearly more convenient" under the *Coffey* test. Again, however, this Court has explained that the "location of records has no impact on [a] transfer analysis unless [the documents are] extraordinarily voluminous or otherwise difficult to

3

ship." *Rugamboa v. Rungenga,* No. 06 C 1142, 2007 U.S. Dist. LEXIS 6876, 2007 WL 317035, at * 2 (N.D. Ill. Jan. 30, 2007).

The court's holding in *Rugmaboa* is even more applicable in the context of an Internet-based business. In *Sunrise Bidders*, for example, this Court explained that it is not "inconvenient or impractical to transfer documents ...since electronic information can conveniently be accessed from, and stored in, any location. Irrespective of where the judicial proceedings take place, all relevant documents will unavoidably have to be collected, downloaded or copied, and transferred to counsel." 2011 U.S. Dist. LEXIS 38852 (N.D. Ill. Apr. 11, 2011). Thus, simply the location of documents or Bidcactus' electronic information "does not favor or disfavor transfer of venue." id.

### 4. 'CONVENIENCE TO THE WITNESSES' DOES NOT JUSTIFY THE DEFENDANT'S TRANSFER

In order to establish that 'inconvenience to the witnesses' weights in favor of a transfer, the movant bears the burden of establishing what the inconvenienced witness will testify to and how vital the testimony will be to the case. *Rohde v. Cent. R.R. of Indiana*, 951 F. Supp. 746, 748 (N.D. Ill. 1997).

In the present case, BidCactus has failed to show that the testimony of BidCactus' Connecticut employees, who will allegedly be inconvenienced by a Illinois venue, concerning "development, engineering...and manufactur[ing]" will prove vital to the litigation. In fact, they have not even established that the employees in question will be called to prove or defend against the Plaintiff's case which concerns simply the consumer's use of the website itself and not its development or engineering,

Further, BidCactus has not even asserted that the witnesses in question would resist appearing in Illinois and, because it is otherwise presumed that witnesses will appear voluntarily, 'inconvenience to witnesses' is an inconsequential factor to the present request for a transfer of

4

venue. *Sunrise Bidders, Inc. v. GoDaddy Group, Inc.,* 2011 U.S. Dist. LEXIS 38852 (N.D. Ill. Apr. 11, 2011).

### 5. 'CONVENIENCE TO THE PARTIES' DOES NOT JUSTIFY A TRANSFER

In its analyses of venue with respect to 'convenience to the parties', Illinois Courts have historically considered: "(1) the parties' respective residences and (2) their abilities to bear the expense of trial in a particular forum." *Heller Financial, Inc. v. Riverdale Auto Parts, Inc.,* 713 F. Supp. 1125, 1130-31 (N.D. Ill. 1989).

In the present case, both parties are residents of different states. The first factor, therefore, weighs equally against and in favor or transfer. The second factor - the ability to bear the expense - however, weights against the Defendant. Bidcactus LLC is financially more capable of handling the expenses of trial than their customers – the Plaintiffs.

Nevertheless, the Defendant maintains that a venue transfer is warranted merely because an Illinois trial would be an inconvenience to the Bidcactus LLC itself. However, as noted by this court in *Sunrise Bidders*, absent extraordinary circumstances, mere inconvenience to one party is insufficient to justify a transfer because such a result would simply "shift the inconvenience to [in this case, the less financially prepared Plaintiff]." *Id.* at 1294.

### 6. JUDICIAL ECONOMY, PUBLIC INTEREST AND JUSTICE WEIGH AGAINST A TRANSFER IN VENUE

Illinois courts have, in addition to the private concerns listed by the Defendant, addressed a number of public interests when considering motions to transfer venue including the: (a) court's familiarity with applicable law; (b) speed at which the case will proceed to trial; and (c) local interest in having controversies decided at home. *Coffey,* 796 F.2d at 220-21; *Medi USA, L.P. v.*

5

*Jobst Inst., Inc.,* 791 F.Supp. 208, 210 (N.D.Ill.1992). Each of these factors militate against granting BidCactus' motion to transfer venue.

### a. Illinois Courts are Most Familiar with Applicable Law

The Plaintiffs' claims in this case are based, in part, upon Illinois statutes governing illegal gambling practices. Although the Defendant correctly points out that the Plaintiffs' complaint also includes claims based in Georgia, Massachusetts, New Jersey and Ohio law, this observation simply do not weigh in favor of a transfer to Connecticut or Delaware - as suggested by the Defendant.

While not every claim presented by the Plaintiffs is grounded in Illinois law, <u>no</u> claim presented is based in Delaware law or Connecticut law. Thus, on balance, Illinois courts are the most well suited to address the underlying issues in this case and Illinois is the only venue that can legitimately establish any familiarity with any law underlying any of the Plaintiffs' claims.

### b. Transfer will decrease the Speed with which the Case will Proceed

The Court's interest in ensuring a swift resolution to disputes is best served, in the present case, by protecting the Plaintiff's choice of forum. The Defendant's proposed transfer only has the potential to decrease judicial efficiency as it will necessarily require some Plaintiffs to re-file in another jurisdiction and force those foreign courts to duplicate the efforts of Illinois courts addressing the claims of those Plaintiffs that remain.

### c. Illinois Courts have a substantial Local Interest in Deciding the Case in Illinois

Illinois Courts have, also, consistently established that gambling legislation is an issue of significant local and state interest. *Singer Asset Fin. Co. v. Duboff Family Inv.* (In re Duboff), 290 B.R. 652, 655 (Bankr. C.D. Ill. 2003); *Thomas v. First National Bank*, 213 Ill. 261, 72 N.E. 801 (1904); *Resorts International, Inc. v. Zonis*, 577 F.Supp. 876 (N.D. Ill. 1984). To grant

6

transfer in this case would deny Illinois the ability to determine the meaning of its own laws concerning an important issue of public policy and morality and instead hand it over to a court less competent to address Illinois precedent and policy.

    **7.    DEFENDANT'S 'CHOICE OF VENUE CLAUSE' INCLUDED IN ITS ONLINE 'TERMS OF USE' IS NOT ENFORCABLE AND DOES NOT JUSTIFY A VENUE TRANSFER**

The Defendant claims that the 'Terms and Conditions' listed on BidCactus' website constitute an "enforceable contractual agreement" and weigh in favor a transfer to Delaware.

However, the rule in Illinois is that a choice of venue or law agreement will not be given effect if "it would violate fundamental Illinois public policy and Illinois has a materially greater interest in the litigation than the chosen state." *Amaro v. Capital One Bank*, 1998 U.S. Dist. LEXIS 8373 (N.D. Ill. May 19, 1998); *Demitropoulos v. Bank One Milwaukee, N.A.,* 915 F. Supp. 1399, 1413 (N.D. Ill. 1996) (citing *Maher & Associates, Inc. v. Quality Cabinets,* 267 Ill. App. 3d 69, 640 N.E.2d 1000, 1006, 203 Ill. Dec. 850 (Ill. App. Ct. 1994), and *International Surplus Lines Ins. Co. v. Pioneer Life Ins. Co. of Ill.,* 209 Ill. App. 3d 144, 568 N.E.2d 9, 14, 154 Ill. Dec. 9 (Ill. App. Ct. 1990))"

Illinois courts have also specifically found choice of law provisions to be against public policy in cases involving gambling contracts. *Singer Asset Fin. Co. v. Duboff Family Inv.* (In re Duboff), 290 B.R. 652, 655 (Bankr. C.D. Ill. 2003); *Thomas v. First National Bank,* 213 Ill. 261, 72 N.E. 801 (1904); *Resorts International, Inc. v. Zonis*, 577 F.Supp. 876 (N.D. Ill. 1984). For example, in *Amaro v. Capital One Bank*, 1998 U.S. Dist. LEXIS 8373 (N.D. Ill. May 19, 1998), the Court specifically "refused to enforce gambling contracts which are valid under the foreign law chosen by parties, because those contracts contravene Illinois public policy." *See also*

*Potomac Leasing Co. v. Chuck's Pub, Inc.,* 156 Ill. App. 3d 755, 509 N.E.2d 751, 754, 109 Ill. Dec. 90 (Ill. App. Ct. 1987).

Illinois law, further, specifically codifies the Courts' sentiment that contracts for gambling are unenforceable. *See* 720 ILL. COMP. STAT. 5/28-7. Because in the present case, the alleged contract is for a practice that is illegal in the state of Illinois – gambling - any purported contractual language on the Defendants' websites 'terms of use' regarding jurisdiction, venue, forum non conveniens or choice of law, or any other matters is void. *See* 720 ILL. COMP. STAT. 5/28-1.

However, should the court consider Defendant's forum selection clause, it does not necessitate a transfer. Even the cases cited by the Defendant indicate that the only result of the enforcement of such a contract is that it weights in favor of transfer but is not determinative of the motion especially when, as in the present case, nearly every other factor weighs *against* transfer. *See Steward Org., Inc. v. Ricoh Corp.,* 487 U.S. 22,31, 108 S. Ct 2239, 101 L. Ed. 2D 22(1988)("a forum selection clause should be considered along with the other factors...and should receive neither dis-positive consideration...nor no consideration").

**B.     DEFENDANT'S MOTION FOR SEVERENCE SHOULD BE DENIED**

The present case presents the court with a number of questions of fact and law common to all defendants including:  the Plaintiffs use of the defendant corporations' web-based services, the application of anti-gambling statutes to 'penny bidding' sites operated by all defendants and the 'penny bidding' model employed by all defendants. Therefore, Defendant Bidcactus has been properly joined in the Plaintiffs' action either: (1) as a Permissive Party under Rule 20(a) or (2) as a component of consolidation under Rule 42; its Motion for Severance should, thus, be denied.

### 1. BIDCACTUS SHOULD BE JOINED AS A PERMISSIVE PARTY UNDER RULE 20(a)

The inclusion of BidCactus in a suit consolidating claims of violations of Illinois' gambling statute by 'penny auction'-based Internet gambling services is appropriate at the present stage of trial because: (a) even prior to full discovery the Plaintiffs have established the requirements laid out in Rule 20(a) for permissive joinder of BidCactus, (b) the Defendant's claim for severance prior to the completion of pre-trial proceedings is premature and should be dismissed without prejudice until a later time and (c) even should the court find that the requirements of 20(a) are not technically satisfied, severance is not an appropriate remedy in light of the purpose of the rule and prior Illinois precedent concerning severance.

### a. The Plaintiffs have Established all Elements of Rule 20(a) necessary to justify permissive Joinder of Bidcactus

Under the Federal Rules of Civil Procedure, "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138, 16 L. Ed. 2D 218 (1966). Fed. R. Civ. P. 20(a) plainly establishes the right of all persons to join in one action as plaintiffs if they assert any right to relief jointly, severely, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

The unmistakable purpose for the Rule is to promote trial convenience through the avoidance of multiple lawsuits, extra expense to the parties, and loss of time to the Court and the litigants appearing before it. *Anderson v. Frances I. duPont & Company,* 291 F. Supp. 705, 711 (D. Minn. 1968). Indeed, it is generally held that Rule 20(a) should be liberally interpreted and applied in practice when consistent with convenience in the disposition of litigation. *Kerr v.*

9

*Enoch Pratt Free Library of Baltimore City*, 54 F. Supp. 514, 516 (D. Md. 1944), reversed on other grounds, 149 F.2d 212 (4th Cir.), cert. denied, 326 U.S. 721, 90 L. Ed. 427, 66 S. Ct. 26 (1946).

Nevertheless, the Defendant asks the Court to adopt a narrow reading of Rule 20(a) and find that the actions taken by the Defendants in this case do not arise out of the same "transaction, occurrence or series of occurrences." The Defendants suggestion is, however, not only counter to the purpose of the Rule itself but also against the weight of precedent. In *Fonovisa, Inc. v. Does 1-9*, for example, the Court cautioned against a narrow vision of the concept of "the same transaction or occurrence" explaining that "Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." 2008 U.S. Dist. LEXIS 27170 (W.D. Pa. Apr. 3, 2008).

In the present case, even prior to full discovery and pretrial proceedings, the Plaintiffs have established a number of reasons that their claims against the defendants are at least "reasonably related" to one another. In fact, it is undisputed that the present case presents questions of law and fact common to all defendants including: (1) that all defendant corporations have violated the same proscriptions against illegal gambling operations, (2) that all defendant corporations are engaged in 'penny auctions' and (3) that all defendants have copied the Entertainment Shopping business model.

The fact that all the defendants have borrowed the 'penny auction' model from Entertainment Shopping (also a defendant in this suit) weights most heavily in favor of permissive joinder in this case. As this Court explained in *Stanley Works v. Haeger Potteries, Inc.*, when one defendant, like Entertainment Shopping "made possible [the other defendants'

violations]..., induced it, and contributed thereto, judicial economy would require ...joinder."35 F.R.D. 551, 554 (N.D.Ill. 1964).

Although the Defendant's motion does note that the gambling corporations in the present case are in commercial competition with one another, this has not precluded joinder in a number of Illinois cases. *See e.g. Stanley Works v. Haeger Potteries, Inc*., 35 F.R.D. 551 (N.D.Ill. 1964); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 891 (N.D. Ill. 2004).

> b.  **The Defendant's motion for Severance is Premature and should be Dismissed until a Later Stage of Trial**

Further, it is relevant to note that complete discovery has not occurred in this case to clearly establish the Defendants' relationship to one another or the Plaintiff's claims themselves. It is for this reason that Illinois courts generally "deny defendants' motion to sever without prejudice to renew the motion after completion of discovery and all other pretrial proceedings." *Dougherty v. Mieczkowski,* 661 F. Supp. 267, 280 (D. Del. 1987). The defendant's motion is, therefore, premature and the Court should withhold its judgment on the issue of severance until a later and more appropriate stage of trial.

> c.  **Should the Court find Rule 20(a) is not Satisfied, Severance is an Inappropriate Remedy**

However, even should the court find that the Defendant's motion is timely and that the Plaintiffs' claims do not arise out of the same "transaction or occurrence", this court need not sever the Plaintiff's action.

In *Trowbridge v. Empire of Am. Realty Credit Corp*, this court explained even should a Plaintiff "fail to meet the requirement[s] of Federal Rule of Civil Procedure 20(a)" severance should not be allowed if there is "no profit in requiring the plaintiffs to substitute two complaints for the one they have filed." 1995 U.S. Dist. LEXIS 6728, 19-20 (N.D. Ill. May 17, 1995).

11

As in *Trowbridge,* simply requiring the Plaintiffs in the present action re-file their complaints and force two courts to address precisely the same questions of illegal Internet gambling law does not serve the ends of Rule 20(a), justice or judicial efficiency.

Thus, as explained by this Court in *McDowell v. Morgan Stanley & Co* because "the Seventh Circuit has not yet fashioned a definitive standard for determining what constitutes a single transaction or occurrence" a reviewing court should be "inclined to find that the claims before it arose out of the same transaction when separate trials would result in delay, inconvenience and added expense to the parties and the court because of the likelihood of overlapping proof and duplication in testimony" and a motion of severance should be denied. *Maclin*, 1996 U.S. Dist. LEXIS 12565, 1996 WL 495558, at *6 (citing Mosley, 497 F.2d at 1333).

**2. BIDCACTUS SHOULD BE JOINED UNDER A RULE 42(a) CONSOLIDATION**

Fed. R. Civ. P. 42(a) allows the Court to consolidate actions that involve common questions of law and fact. *Magnavox Co. v. APF Elec., Inc.,* 496 F.Supp. 29, 32 (N.D. Ill. 1980). Consolidation is meant to promote judicial efficiency and should be considered especially where there is a risk of inconsistent rulings. *McKnight v. Illinois Cent. R. Co.,* No. 09-201, 2009 U.S. Dist. LEXIS 49539, 2009 WL 1657581 at *1 (S.D. Ill. 2009). *Tipsword v. IFDA Services, Inc.,* Nos. 09-390, 09-1008, 2010 U.S. Dist. LEXIS 37053, 2010 WL 1521612, at *1 (S.D. Ill., April 14, 2010); *Pactiv Corp. v. Multisorb Techs., Inc.*, 2011 U.S. Dist. LEXIS 15991 (N.D. Ill. Feb. 15, 2011).

In the present case, it is undisputed that there are common questions of law and fact including the Plaintiff's use of the Defendant's on-line gambling services, the illegality of 'penny auction' sites and the 'penny auction' business model common to all defendants.

Additionally, to deny consolidation creates a substantial risk of inconsistent rulings. Should the questions of Illinois law presented by this case concerning the relevance of gambling laws to 'penny gaming' sites be determined by one court or for one defendant (like Bidcactus) but not for another (like Entertainment Shopping), the risk for inconsistency in their rulings and, therefore, injustice in their results is significantly higher than if the question were to be addressed in a single consolidated suit

The risk of inconsistency would only be exacerbated should the court also grant the Defendant's motion for a change in venue as courts unfamiliar with Illinois law would be also charged with interpreting the Illinois gambling statutes concerning Internet 'penny-auction' gambling without an intimate knowledge of Illinois public policy or history.

Thus, all the elements of Rule 42 weigh in favor of consolidation of claims and the Defendant's motion for severance should be independently denied due to the strictures of Rule 42.

### III. CONCLUSION

The Defendants have failed to establish the requisite elements to justify either their motion for severance or transfer of venue and, therefore, the Plaintiffs request that each of the Defendant's motions be dismissed.

In the alternative, however, should the court find that, at the present stage of trial, a sufficient connection between all defendants and the venue chosen by the Plaintiff has not been established, the Plaintiffs request that the Court dismiss the Defendant's motions without prejudice and withhold its judgment until pretrial proceedings and discovery are concluded in order to avoid unnecessary judicial overlap and inefficiency that might result.

DATED this 20TH day of APRIL, 2011.

                                                                                                                   _s/ William Houck_____

                                                                                                                   Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2011, I electronically filed the preceding, and notice of same, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sergio E. Acosta     tracy.osorio@usdoj.gov,

Robert Edwin Spears     respears@tsrlaw.com

Nabil G. Foster     gjones@hinshawlaw.com, courtfiling@hinshawlaw.com, nfoster@hinshawlaw.com, nabilfoster@gmail.com

James E. Howard     hall.michelle@dorsey.com, howard.james@dorsey.com, summers.shawn@dorsey.com

Dennis Minichello     jturner@mmr-law.com, dminichello@mmr-law.com

s/ William Houck