**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THERESA BRYANT, JILL MANNING, SUSAN SNYDER, DIANE ELLIOTT, individually and for the benefit of others,<br><br>    Plaintiffs,<br><br>    v.<br><br>BIDCACTUS LLC, a Delaware limited liability company; QUIBIDS LLC, a foreign limited liability company; BEEZID, INC. d/b/a Beezid.com, a Canadian Corp., PROJECT FAIR BID, INC., d/b/a BigDeal.com, a Delaware Corp.,<br><br>    Defendants. | Civil Action No. 1:11-cv-1013 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL**

Plaintiffs Theresa Bryant, Jill Manning, Susan Snyder and Diane Elliott, by and through their counsel, respectfully submit this memorandum in support of their motion under 28 U.S.C. § 455(a) requesting that this Court recuse itself from the present case on the grounds that its impartiality may be reasonably questioned.

During the April 28, 2011, status conference, the Court informed the parties that it has potential conflicts arising from friendships with two counsel for Defendant. The Court requested that the parties advise if they objected to the Court's retaining the case. By this motion, Plaintiffs' respectfully request that the Court recuse itself from this case.

At the hearing, Judge Castillo advised that it worked previously at the United States Department of Justice with Sergio Acosta, counsel for Defendant Project Fair Bid, Inc. Although they did not personally work together on any matters, they still hold a personal friendship

1

resulting from their mutual former employer. Second, Judge Castillo noted that Nabil Foster, also counsel for Defendant Project Fair Bid Inc., and he teach a law school trial advocacy class together, where they share a professional relationship and personal friendship.

Recusal is governed by statute. 28 U.S.C. § 455(a) provides that "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." When considering recusal, a court is to use an objective inquiry, asking whether a well-informed reasonable person would perceive the appearance of bias on the part of the judge, even where no actual bias or prejudice is shown. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 (1988); *In re United States,* 572 F.3d 301, 312 (7th Cir. 2009); *In re Hatcher*, 150 F.3d 631, 637 (7th Cir.1998).

Here, the Court's multiple personal and professional relationships with Defendants' counsel raise reasonable concerns of impartiality, making recusal appropriate. Simply, due to the closeness of these continuing relationships, a reasonable person would likely question the Judge's ability to remain unbiased or objective. In fact, during the status conference, the Court acknowledged the appearance of conflicts by alerting the parties of its relationships with Defendants' counsel.

Alternatively, even if each potential conflict individually does not raise impartiality concerns, this Court should still determine that recusal is appropriate. A reasonable person, informed of all facts and circumstances of the case, would likely look at the potential conflicts *collectively*, concluding that they add up to raise concerns of the Judge's impartiality. *See Sao Paulo State of Federative Republic of Brazil v. Am. Tobacco Co., Inc.*,535 U.S. 229, 232-33 (2002) (emphasizing that a reasonable person takes into account *all circumstances*).

For the reasons stated above, Plaintiffs respectfully request the Court recuse itself from the present case.

Dated: May 2nd, 2011.

                                                     For Plaintiffs

                                                     By: *s/ William Houck*
                                                           William Houck

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2011, I electronically filed the preceding, and notice of same, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Attorneys for Defendant Project Fair Bid, Inc. d/b/a BigDeal.com
Sergio E. Acosta
Nabil G. Foster
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No:  (312) 704-3000
Fax No:  (312) 704-3001
E-mail: sacosta@hinshawlaw.com
           nfoster@hinshawlaw.com

Attorneys for Defendant Bidcactus LLC

Dennis Minichello
Marwedel, Minichello & Reeb, P.C.
10 South Riverside Plaza, Suite 720
Chicago, IL 60606
(312) 902-1600
Email: dminichello@mmr-law.com

Robert Edwin Spears , Jr.
The Spears & Robl Law Firm
104 Cambridge Avenue
Decatur, GA 30030
(404) 373-5150
Email: respears@tsrlaw.com

       William Houck #3122387
       Houck Law Firm, P.S.
       4045 262nd Ave. SE
       Issaquah, Washington 98029
       (425) 392-7118

       s/ William Houck