*AEE*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA BRYANT, JILL MANNING, SUSAN SNYDER, and DIANE ELLIOTT, <br><br> Plaintiffs, <br><br> v. <br><br> ENTERTAINMENT SHOPPING, INC.; BIDCACTUS, LLC; QUIBIDS, LLC; BEEZID, INC.; and PROJECT FAIR BID, INC., <br><br> Defendants. | Case No. 11-cv-1013 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs brought this *qui tam* action to recover moneys lost by unnamed individuals through "penny auction" websites run by five separate Defendants. Two of the five Defendants (Entertainment Shopping, LLC and Beezid, Inc.) have since been dismissed. Two of the remaining three Defendants (Bidcactus, LLC and Project Fair Bid, Inc.) each filed a motion under Federal Rule of Civil Procedure 21, requesting that they be dropped from this litigation on the basis that they were not properly joined in the first place. For the reasons discussed below, the Motions are granted.

## BACKGROUND

Plaintiff Theresa Bryant is a citizen and resident of Illinois. (Compl. ¶ 15.) The other named Plaintiffs are residents of other states. (Compl. ¶¶ 16-18.) Bidcactus, LLC ("Bidcactus") is a Delaware corporation with its principal place of business in

Connecticut. (Compl. ¶ 10.) Project Fair Bid, Inc. ("Project Fair Bid") is a California corporation with its principal place of business in California. (Compl. ¶ 11.) Quibids, LLC is a foreign limited-liability company with its principal place of business in Oklahoma. (Compl. ¶ 12.) Subject-matter jurisdiction is premised on diversity of citizenship. (Compl. ¶ 2.)

Each of the Defendants operates websites known as "penny auctions," through which persons purchase groups of bids, ranging in price from $20 to more than $500, and then bid on merchandise by placing bids. (Compl. ¶ 19.) Each bid increases the cost of the merchandise by a penny (hence the name), but it costs anywhere from $0.60 to $1.00 to place each bid. (Compl. ¶ 19.) Additional time is added to the clock each time a bid is placed. (Compl. ¶ 19.) When the clock runs out, the player who placed the last bid is the winner. (Compl. ¶ 19.) Plaintiffs allege that these penny auctions constitute illegal gambling operations because they "permit[] persons to play games of chance for money and/or make a wager upon the result of a game or contest." (Compl. ¶ 19.) Although they allege that Defendants' conduct violates prohibitions against unauthorized gambling in all 50 states, Plaintiffs limit their claims to specific laws in Illinois, Massachusetts, Georgia, Ohio, and New Jersey. (Compl. ¶ 20.)

Plaintiffs do not allege that they, themselves, actually participated in any penny auctions; rather, they seek recovery from Defendants for the gambling losses of unidentified others. (Compl. ¶ 21.) Plaintiffs allege that various state statutes allow losers to recover their gambling losses from the winners and further provide that, if the

losers fail to make a claim within a set period of time, any other person can recover those losses from the winner. (Compl. ¶ 21.)

## LEGAL STANDARD

Persons may be joined in one action as defendants if two requirements are met. First, any right to relief must be "asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Second, questions of law or fact must be common to all defendants. Fed. R. Civ. P. 20(a)(2)(B). "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

## ANALYSIS

*Bidcactus's Motion to Sever and Transfer Venue*

On April 15, 2011, Bidcactus filed a Motion to Sever and Transfer Venue, asserting, among other things, that Plaintiffs failed to allege any right to relief against Bidcactus that arose out of a transaction or occurrence that also supplied the basis for a right to relief against any of the other Defendants.

In both their Complaint and their Response to Bidcactus's Motion, Plaintiffs endeavor to justify Bidcactus's joinder on the existence of common questions of law or fact alone. A plain reading of Rule 20(a)(2) reveals that that is not enough. Rule 20(a)(2) clearly provides that joinder of defendants is proper only upon the existence of common questions of law or fact *and* a shared transaction, occurrence, or series of transactions or occurrences. Plaintiffs do not allege or argue that any such transaction or occurrence exists.

3

Rather, Plaintiffs allege that "[j]oinder of Defendants is proper since the illegal conduct complained of is identical for each Defendant, judicial economy would be served and the risk of inconsistent rulings avoided." (Compl. ¶ 8.) The only alleged connection among Defendants is that each of them copied the penny-auction business model from a parent company of former Defendant Entertainment Shopping, Inc. and that each of the Defendants has almost identical rules and website designs. (Compl. ¶ 19.)

Courts in this district and elsewhere have held that a similarity of claims between a plaintiff and various defendants is not sufficient for joinder. *See, e.g., McDowell v. Morgan Stanley & Co.*, 645 F. Supp. 2d 690, 697 (N.D. Ill. 2009) ("One or more defendants' similar conduct, without anything more, does not rise to a sufficient level that would justify joining those defendants in a single action pursuant to Rule 20."); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004) ("The fact that the defendants allegedly violated the same trademark does not mean that plaintiffs' claims against them arise out of the same transaction or occurrence."); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (holding that defendants in patent-infringement case who sold different products and were competitors of one another were improperly joined); *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) ("The fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).").

Here, there are no allegations to suggest that Bidcactus was involved in any "transaction, occurrence, or series of transactions or occurrences" with any of the other Defendants.[1] Indeed, Plaintiffs do not allege that they, themselves, engaged in *any* transaction with *any* of the Defendants, much less one that is common among multiple Defendants. Because Plaintiffs have failed to allege any basis for joinder of Bidcactus as a Defendant under Federal Rule of Civil Procedure 20(a)(2)(A), it is appropriate to drop Bidcactus from this litigation.

Plaintiffs alternatively assert that Bidcactus's Motion is premature because "complete discovery has not occurred in this case to clearly establish the Defendants' relationship to one another or the Plaintiff's [*sic*] claims themselves." (Pls. Resp. to Bidcactus's Mot. 11.) But a lack of evidence is not Plaintiffs' problem. As discussed above, Plaintiffs have failed even to *allege* any connection among the Defendants. The Complaint does not present any justification for joining Bidcactus to Plaintiffs' claims against the other Defendants.

Plaintiffs also assert that Bidcactus should be joined under Federal Rule of Civil Procedure 42(a), which permits the consolidation of actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a)(2). Plaintiffs' argument is misplaced. Rule 42(a) does not provide separate grounds for joinder. Rather, it provides a means for consolidating multiple actions involving common issues. As of now, there is only one action among these parties. If Plaintiffs file a separate action against Bidcactus in this

---

[1] Moreover, Bidcactus submitted a declaration of its CEO, representing that Bidcactus developed its own proprietary software and that it has never worked with any other Defendant to conduct or market an online auction.

5

district, a motion under Rule 42(a) may or may not be appropriate at that time. But unless and until Plaintiffs have filed an action in addition to this one, there is nothing to be consolidated under Rule 42(a).

For these reasons, Bidcactus's request that it be dropped from this action pursuant to Rule 21 is granted. In its Motion, Bidcactus also requests that this action be transferred to the United States District Court for the District of Connecticut or, alternatively, the District of Delaware. However, because Bidcactus has now been dropped from this action, there is no pending litigation between Plaintiffs and Bidcactus to transfer. At this point, Bidcactus is no longer a party to any litigation with Plaintiffs in this Court. Therefore, Bidcactus's request to transfer venue is denied.

*Project Fair Bid's Motion to Sever*

On June 3, 2011, Project Fair Bid also filed a Motion to Sever. The arguments set forth in Project Fair Bid's Motion are substantially the same as those set forth in Bidcactus's Motion, and Plaintiffs' response to those arguments is substantially the same as Plaintiffs' response to Bidcactus's Motion. Therefore, for the same reasons discussed above with regard to Bidcactus, Project Fair Bid is also dropped from this action.[2]

## CONCLUSION

For the reasons discussed above, Bidcactus's Motion to Sever and Project Fair Bid's Motion to Sever are both granted to the extent they request that Bidcactus and Project Fair Bid be dropped as Defendants pursuant to Federal Rule of

---

[2] Project Fair Bid also argues that the four Plaintiffs are not properly joined in one action under Rule 20(a)(1) and requests an order severing them, as well. Because Project Fair Bid has now been dropped from this action, it is not necessary to resolve that issue at this time.

6

Civil Procedure 21. Bidcactus and Project Fair Bid are dropped as Defendants from this litigation. All other requested relief is denied without prejudice.

Date: August 8, 2011

JOHN W. DARRAH
United States District Court Judge